**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

SHARP-STREBECK, INC., a New Mexico
corporation,

       Plaintiff,

       vs.                                                   No. CIV 00-0173 JC/WWD

TRAILMOBILE PARTS & SERVICE CORP.,
a Delaware corporation, f/k/a TRAILMOBILE
TRAILER, LLC, and MEDCO, INC., an Arkansas
corporation,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Defendant Trailmobile's Motion to Dismiss for Lack of Personal Jurisdiction, filed June 1, 2000 (*Doc. 22*), and Defendant Medco's Motion to Dismiss, filed May 11, 2000 (*Doc. 17*). The Court has reviewed the motions, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that the motions are well taken and will be granted.

**BACKGROUND**

Plaintiff Sharp-Strebeck, Inc. ("Sharp-Strebeck"), a tractor-trailer retailer based in New Mexico, brings this action against both Defendants Trailmobile Parts & Service Corporation ("Trailmobile") and Medco, Inc. ("Medco"), alleging that Defendants are in wrongful possession of two refrigerator units and two tractor-trailers that belong to Plaintiff Trailmobile is a tractor-trailer retailer operating out of Oklahoma, and Medco is a freight-hauling contractor operating primarily out of Arkansas.

In January 2000, Sharp-Strebeck filed this action in state court to recover damages resulting from Defendant's alleged wrongful possession of the units and trailers. In February 2000, Trailmobile removed the case to this Court on the basis of diversity jurisdiction. *See* Notice of Removal, filed February 11, 2000 (*Doc. 1*). Now, Defendants bring similar motions to dismiss under FED. R. CIV. P. 12(b)(2), challenging the jurisdiction of this Court over the person of each Defendant. Furthermore, Medco challenges the sufficiency of process under FED. R. CIV. P. 12(h), and whether Plaintiff has stated a claim for which relief can be granted under FED. R. CIV. P. 12(b)(6).

## ANALYSIS

**A.     Personal Jurisdiction**

    **1.     Standard**

Faced with Defendants' 12(b)(2) motions to dismiss for lack of personal jurisdiction, Plaintiff bears the burden of showing facts that support this Court's exercise of personal jurisdiction. *See Overton v. United States*, 925 F.2d 1282, 1283 (10th Cir. 1991). The Court must accept as true all allegations set forth in the complaint, to the extent they are not controverted by Defendants' affidavits. *See Ten Mile Indus. Park v. Western Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987). But, the Court need only accept as true the well pled facts of Plaintiff's complaint, as distinguished from conclusory allegations. *See id.*

At this stage of litigation, Plaintiff need only to establish a prima facie showing of evidence supporting personal jurisdiction. *See Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir. 1996). A prima facie showing of personal jurisdiction over a nonresident defendant in a diversity action is a two step process in which "a plaintiff must show that [1] jurisdiction is legitimate under the laws of the forum state and that [2] the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Soma Medical Int'l v. Standard Chartered*

*Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999) (quoting *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995)).

    **2.**    **New Mexico Long-Arm Statute**

In New Mexico, the basis for asserting personal jurisdiction over an out-of-state, non-resident defendant in a diversity action is contained in New Mexico's long-arm statute, which reads in pertinent part:

> A. Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection hereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:
>
> (1) the transaction of any business within this state;
> ...
> C. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action within which jurisdiction is based upon this section.

NMSA § 38-1-16 (1978). Put another way, for this Court to assert personal jurisdiction over a non-resident, out-of-state defendant under the long-arm statute, three conditions must be satisfied: the defendant (1) must have done an act enumerated in the statute; (2) the plaintiff's cause of action must arise from the defendant's act; and (3) the defendant's act must satisfy the minimum contacts required for due process under the Fourteenth Amendment, so that jurisdiction does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

New Mexico courts have consistently held that if a defendant's forum-related actions fulfill the "transaction of any business" provision of the long-arm statute, then they also fulfill the minimum contacts necessary to satisfy due process. *See, e.g., FDIC v. Hiatt*, 117 N.M. 461, 463, 872 P.2d 879, 881 (1994); *Telephonic, Inc. v. Rosenblum*, 88 N.M. 532, 534, 543 P.2d 825, 827 (1975). Therefore, the inquiry into whether Defendants Trailmobile and Medco transacted any

business sufficient to satisfy minimum contacts for personal jurisdiction within the meaning of New Mexico's long-arm statute collapses into a single due process inquiry. *See FDIC*, 117 N.M. at 463, 872 P.2d at 881.

Once a plaintiff has established minimum contacts with the forum state, the Court must consider whether the exercise of personal jurisdiction over the defendant offends "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 113 (1987). This inquiry requires a determination of whether personal jurisdiction is reasonable in light of the surrounding circumstances. *See id; see also Burger King v. Rudzewicz*, 421 U.S. 462, 477-78 (1985). The determination of the reasonableness of the exercise of jurisdiction in each case will depend on an evaluation of several factors, including: [1] the burden on the defendant of defending in the forum state; [2] the forum state's interest in resolving the dispute; [3] the plaintiff's interest in obtaining relief; [4] the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and [5] the shared interest of the several States in furthering fundamental substantive social policies. *See Asahi*, 480 U.S. at 113; *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244, 1249 (10th Cir. 2000).

   **i. Defendants' actions in New Mexico do not constitute "transaction of any business" under New Mexico's long-arm statute.**

In its Complaint for Damages, Plaintiff asserts that this Court may properly assert personal jurisdiction over Defendants, because Defendants transact business in New Mexico; however, Plaintiff fails to set forth any specific facts about either Defendant demonstrating that they transact business in New Mexico. *See* Compl. for Damages, filed Feb. 11, 2000 (*Doc. 1*). Furthermore, neither Trailmobile nor Medco have offices, agents, or solicit substantial business in New Mexico. *See* Aff. of Helen Hamilton in Support of Trailmobile's Mot. to Dismiss for Lack of Personal Jurisdiction, filed

June 1, 2000 (*Doc. 23*); Medco's Resps. to Pl.'s Interrog. Nos. 4, 5, 6, 7 & 10 attached to Resp. in Opp. to Def.'s Mot. to Dismiss, filed May 11, 2000 (*Doc. 19*).  Moreover, this Court cannot find any evidence in the pleadings, motions, and memoranda submitted by the parties indicating that Trailmobile or Medco engage in the "transaction of any business" in New Mexico sufficient to subject Defendants to the jurisdiction of this Court under New Mexico's long-arm statute.  *See* NMSA § 38-1-16(A)(1) (1978).

Trailmobile occasionally purchases trailers by phone in response to solicitations from a trailer broker in New Mexico.  *See* Aff. of Jan Ward in Support of Trailmobile's Mot. to Dismiss for Lack of Personal Jurisdiction, filed June 1, 2000 (*Doc. 24*).  Trailmobile occasionally sends agents to an independent trailer dealer in New Mexico which purchases trailers from Trailmobile, but Trailmobile does not otherwise solicit sales, advertise, or operate offices in New Mexico.  *See* Aff. of Helen Hamilton in Support of Trailmobile's Mot. to Dismiss for Lack of Personal Jurisdiction, filed June 1, 2000 (*Doc. 23*).  These contacts with New Mexico do not constitute the "transaction of any business" under New Mexico law.  *See, e.g., CABA*, 1999-NMCA-089, 127 N.M. 556, 984 P.2d 803 (holding that when defendant did not solicit business, advertise, or otherwise initiate a transaction with plaintiff in New Mexico, defendant's actions did not constitute "transaction of any business" under long-arm statute).

Medco's only contact with New Mexico is that it hauls freight through the state on infrequent occasions, and Medco is occasionally solicited by New Mexico-based entities to haul freight out of the state.  *See* Medco's Resps. to Pl.'s Interrog. Nos. 8 & 9, attached to Resp. in Opp. to Def.'s Mot. to Dismiss, filed May 11, 2000 (*Doc. 19*).  There is no evidence that Medco solicits these New Mexico-based entities for freight-hauling contracts, or that Medco solicits business in New Mexico in any way.  *See* Medco's Resps. to Pl.'s Interrog. Nos. 4, 5, 6, 7 & 10, attached to

Resp. in Opp. to Def.'s Mot. to Dismiss, filed May 11, 2000 (*Doc. 19*).  Such attenuated contacts are insufficient to subject Medco to the jurisdiction of this court under New Mexico's long-arm statute.  *See, e.g., Customwood Mfg. Inc. v. Downey Constr. Co.*, 102 N.M. 56, 691 P.2d 57 (1984) (finding that where defendant did not solicit business in forum state, but only responded by mail and telephone to plaintiff's offer of contract did not constitute "transaction of any business" under long-arm statute).

> ii.  **Plaintiff's cause of action did not "arise from" Defendants' actions in New Mexico.**

Even assuming that Defendants' limited actions directed at New Mexico constituted "transaction of any business" under New Mexico's long-arm statute, Plaintiff's cause of action does not "arise from" any of these actions, as required under the long-arm statute.  *See* NMSA § 38-1-16(C) (1978); *CABA* at ¶ 11, 127 N.M. at 561, 984 P.2d at 808.  Plaintiff fails to point to any specific actions by either Defendant directed towards New Mexico that produced Defendants' allegedly unlawful retainer of the trailers and refrigeration units.  *See* Compl. for Damages, filed Feb. 11, 2000 (*Doc. 1*).  Therefore, Plaintiff's cause of action did not "arise from" Trailmobile's or Medco's contacts with New Mexico.  *See* NMSA § 38-1-16(C) (1978).

For the foregoing reasons, Plaintiff has failed to satisfy the minimum contacts requirements for personal jurisdiction over Trailmobile and Medco under New Mexico's long-arm statute.

> 3.  **General Jurisdiction**

Some authorities support Plaintiff's contention that a court may assert personal jurisdiction over that defendant without reference to the forum state's long-arm statute.  *See, e.g., Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, (1984).  This approach is often referred to as a court exercising "general jurisdiction" over a defendant.  *See Purple Onion Foods, Inc. v. Blue Moose, Inc.*, 45 F. Supp.2d 1255, 1257 (D.N.M. 1999).  A court may exercise "general jurisdiction" over a

defendant in cases where the plaintiff's cause of action does not arise out of the defendant's alleged contacts with the forum state, so long as the defendant has other business contacts with the forum state that are "continuous and systematic." *See OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998).

Such is not the case here. It simply follows that if Plaintiff cannot establish that Defendants' forum-related activities constitute "transaction of any business" under New Mexico's long-arm statute as discussed above, then such activities cannot satisfy the "continuous and systematic" contacts required for this Court to assert "general jurisdiction" over Defendants. Furthermore, Plaintiff provides no evidence of any other contacts that could be considered "continuous and systematic."

For the forgoing reasons, Plaintiff fails to show that Trailmobile or Medco have "continuous and systematic" contacts with New Mexico sufficient to justify this Court's exercise of "general jurisdiction" over Defendants.

### 4. Traditional Notions of Fair Play and Substantial Justice

Even if Defendants' limited contacts are sufficient to establish minimum contacts in this state, this Court's assertion of personal jurisdiction over Trailmobile and Medco would offend "traditional notions of fair play and substantial justice." *Asahi*, 480 U.S. at 113. It would be unreasonable to require Defendants to defend themselves in this forum given their limited contact with New Mexico. Furthermore, Plaintiff is not without another forum in which to file this action. Plaintiff could have filed this suit in Arkansas or Oklahoma where these Defendants reside and conduct business, and where the court systems would have more interest in resolving this dispute. To force Defendants to come to this forum to litigate this case would unnecessarily burden Defendants in light of the fact that neither Trailmobile nor Medco, by their insubstantial contacts with New Mexico, has purposefully availed themselves of the privileges of doing business in New Mexico, and thus they should not

expect to be haled into court here. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Based on the foregoing, the Court finds that Defendants' motions are well taken and will be granted.

**B.     Insufficient Process and Failure to State a Claim**

Because the issue of personal jurisdiction is dispositive of the motions by both Defendants, this Court need not discuss Medco's Rule 4(h) motion to dismiss for insufficient process, and Medco's Rule 12(b)(6) motion to dismiss for failure to state a claim.

## CONCLUSION

Plaintiff has not provided sufficient evidence to show that Trailmobile or Medco transacted any business in New Mexico from which Plaintiff's cause of action arose. Furthermore, Plaintiff has failed to demonstrate that Trailmobile or Medco have sufficient minimum contacts with New Mexico to justify the Court's assertion of general jurisdiction for a cause of action that did not arise from Defendants' forum-related activities. Finally, this Court's exercise of personal jurisdiction over Defendants would offend the due process clause of the Fourteenth Amendment. Therefore, this Court lacks personal jurisdiction over Defendants Trailmobile and Medco, and Defendants' motions must be granted.

Wherefore,

IT IS HEREBY ORDERED that Defendant Trailmobile's Motion to Dismiss for Lack of Personal Jurisdiction, filed June 1, 2000 (*Doc. 22*), and Defendant Medco's Motion to Dismiss, filed May 11, 2000 (*Doc. 17*), are **granted**.

*[signature: John Edwards Conway]*
UNITED STATES DISTRICT JUDGE